## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY ELLISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-414-DRH ) |
| DONALD HULICK, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

Plaintiff asserts that sometime in 2007, he developed a "severe eye infection." Plaintiff was examined by an eye doctor in Menard's medical unit (presumably the unknown "John Doe" Defendant in this action) and prescribed "trifluridine ophthalmic solution." Plaintiff claims that trifluridine ophthalmic solution is specifically formulated to fight the viral infection known as herpes.[1] Plaintiff states that he informed the eye doctor that he did not have - and never before had - herpes. Plaintiff contends that he asked the eye doctor to prescribe a blood test to confirm his diagnosis and treatment, but it appears that this request was refused.

It appears that Plaintiff used the prescribed medication, but complained that he "saw no visible results." Furthermore, Plaintiff claims that when he used the medication it caused him

---

[1]Trifluridine ophthalmic solution" is an antiviral medication prescribed to fight eye infections caused by viruses.  http://www.drugs.com/mtm/trifluridine-ophthalmic.html.

blurred vision, extreme sensitivity of the eyes, and severe headaches.[2]

Despite claiming that he "saw no visible improvement," it appears that the eye infection went away because Plaintiff goes on to allege that he "had a relapse of eye infection that occurred when he had no access to the prescribed medication." Plaintiff claims, however, that the prescribed medication had nothing to do with the first eye infection going away because his second eye infection subsided without use of the medication.

Plaintiff claims that he was denied adequate medical care in violation of the Eighth Amendment because (1) he was not given a blood or any other test to confirm the necessity of being given the prescribed medication; and (2) he was not given a blood or any other test to confirm the need for any other medication to fight a non-herpes infection that *may* be afflicting him.

## DISCUSSION

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). Specifically, mere disagreement with a physician's chosen course of an inmate's medical treatment also does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

---

[2]Blurred vision and mild eye pain, stinging, itching and redness are acknowledged side-effects of trifluridine ophthalmic solution.http://www.drugs.com/mtm/trifluridine-ophthalmic.html.

The complaint alleges that Plaintiff had an eye infection, was examined by a doctor, and that the doctor prescribed an antiviral medication for the infection. Implicit in those facts is that the doctor concluded - correctly or incorrectly - that the infection was caused by a virus. Plaintiff took the medication - which had some minor side effects - and the eye infection went away. Plaintiff suffered a relapse, but the second eye infection cleared itself without the need for intervention by a doctor or any other medical person. These facts do not suggest - as Plaintiff argues - that the medication prescribed for the first eye infection and the refusal to conduct additional tests constitutes "deliberate indifference" to Plaintiff's eye infection. Instead, these facts allege a mere disagreement between Plaintiff and the doctor concerning the diagnosis (i,.e, whether the infection is caused by a virus) and treatment of Plaintiff's eye infection. As such, Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

Even if Plaintiff stated a claim against the doctor, his claim against Defendant Hulick should be dismissed. Plaintiff seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of

>tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595. There are no allegations in the complaint concerning Defendant Hulick at all. It appears he has been named a defendant in this action solely because he is warden. Accordingly, Plaintiff's claim against Defendant Hulick must be dismissed pursuant to 28 U.S.C. § 1915A.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**DATED:** December 17, 2009.

/s/ DavidRHerndon
**DISTRICT JUDGE**